# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT CHARLESTON

**KARIN SPRADLIN**

      **Plaintiff,**

v.                                      **Case No.**  2:22-cv-00075

**BRUCE JOHNSON and**
**FAMILY TREE SERVICE LLC,**

      **Defendants.**

## NOTICE OF REMOVAL BY DEFENDANT BRUCE JOHNSON

### TO THE HONORABLE JUDGES OF THE UNITED STATES
### DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Under 28 U.S.C. §1441 and §1446, Defendant Bruce Johnson ("Johnson") removes this action, which is now pending in the Circuit Court of Mingo County, West Virginia, to the United States District Court for the Southern District of West Virginia.  This Court has original jurisdiction over this matter under diversity jurisdiction pursuant to 28 U.S.C. §1332(a), because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states.  To support this removal, Defendant Johnson states as follows:

### I.  VENUE

Plaintiff Karin Spradlin filed this action in the Circuit Court of Mingo County, West Virginia, Civil Action Number 22-C-3 on January 24, 2022.  Because the case was filed in the Circuit Court of Mingo County, this Court is the appropriate venue for removal.

## II. TIMELINESS OF NOTICE OF REMOVAL

Plaintiff filed her Complaint against Defendant Johnson on January 24, 2022. Plaintiff served Johnson with the Complaint via certified mail on January 26, 2022 (See copy of the Docket Sheet and the court file attached as **Exhibit A**.) Therefore, under the second paragraph of 28 U.S.C. §1446(b), this Notice of Removal is being filed within 30 days after receipt of service of process (as defined by Rule 6 of the Federal Rules of Civil Procedure), and less than 1 year after the commencement of the action. This Notice of Removal is therefore timely.

## III. DIVERSITY OF CITIZENSHIP

According to the Complaint, Plaintiff Karin Spradlin is a citizen and resident of Mingo County, West Virginia. Complaint at ¶1. Defendant Johnson is an Iowa citizen. Complaint at ¶2. Therefore, complete diversity exists amongst the parties.

## IV. AMOUNT IN CONTROVERSY

Plaintiff has not pled a specific damage amount in her Complaint. However, the amount in controversy exceeds $75,000 due to this fact: if Plaintiff were to win this lawsuit and receive the damages she seeks from Johnson, the total damages would exceed $75,000.

The burden of establishing that the amount in controversy exceeds $75,000, exclusive of interests and costs, rests with the party seeking removal. Durbin v. Dacar, No. CIV.A. 5:09CV54, 2010 WL 520190, at *1 (N.D. W. Va. Feb. 10, 2010) citing Mulcahey v. Columbia Organic Chems. Co. Inc., 29 F.3d 148, 151 (4th Cir. 1994). When the amount of damages a Plaintiff seeks is unclear, for example, by failing to plead a specific dollar amount in the Complaint, then the Defendant must establish the jurisdictional amount by a preponderance of the evidence. See Marshall v. Kimble, No. CIV.A. 5:10CV127, 2011 WL 43034, at *2 (N.D. W. Va. Jan. 6, 2011); Allman v. Chancellor Health Partners, Inc., No. CIV.A 5:08CV155, 2009 WL 514086 (N.D. W. Va. Mar. 2,

2009).  To meet the preponderance of the evidence standard and establish that removal is proper, "a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." Heller v. TriEnergy, Inc., No. CIV.A. 5:12CV45, 2012 WL 2740870 (N.D. W. Va. July 9, 2012).

Although the defendant has the burden of proving the claim meets the jurisdictional amount, in circumstances in which no specific amount of damages is set forth in the complaint "the court may consider its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional amount." Id. citing Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994).  To determine the amount in controversy, "the court can look to evidence available at the time of removal to fill in the missing amount." Id. citing Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997).  "'The starting point for ascertaining the amount in controversy is . . . the complaint itself.'" Id. citing Sayre v. Potts, 32 F.Supp.2d 881, 887 (S.D. W. Va. 1999).  Part of the court's inquiry may also include consideration of the following factors:

> the type and extent of the plaintiff's injuries **and the possible damages recoverable therefore, including punitive damages** if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed.  The defendant may also present evidence of any settlement damages made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

Vaughan v. Dixon, No.3:09-CV-50, 2009 WL 2913617 (N.D. W. Va. Sept. 8, 2009) citing Watterson v. GMRI, Inc., 14 F.Supp.2d 844, 850 (S.D. W. Va. 1997) (emphasis added).  In addition, "the court can use its 'common sense' to determine an amount for jurisdictional purposes." Durbin at *2 citing Mullins, 861 F.Supp. at 24.  Moreover, "the removing party can

use the plaintiff's causes of action to show that the amount in controversy is more likely than not in excess of $75,000." Id.

Herein, the amount of damages sought by the Plaintiff exceeds $75,000, which is reflected in Plaintiff Spradlin's attorney's demand letters of January 10, 2022 and January 14, 2022.

- "Based upon the injuries as aforementioned and the fact that liability is established with absolute certainty, my office demands $250,000 in exchange for a full and final release of your insured and Sedgwick" " January 10, 2022 letter from Jeffrey S. Simpkins, Esq. to Sedgwick Insurance Company.

- "In the even the offer is not accepted and litigation is commenced, the offer to settle in the amount of $250,000 shall be withdrawn and shall not be used as a benchmark for mediation. In the spirit of compromise, I will not increase my demand from $250,000 subject to the withdrawal of the demand as indicated above if not accepted by Sedgwick." January 14, 2022 letter from Jeffrey S. Simpkins, Esq. to Sedgwick Insurance Company.[1]

In this matter, the amount in controversy will exceed $75,000, exclusive of interest and cost, inasmuch as Plaintiff has alleged temporary and permanent damages to her person. *To-wit*, Plaintiff Spradlin alleges to have suffered "serious and permanent bodily injury". Complaint at ¶18. That she "has experienced, and will continue into the future to experience, pain and suffering…". Complaint at ¶19. That she "has experienced, and will continue into the future to experience, mental anguish…". Complaint at ¶20. That she "has incurred, and will continue to incur, reasonable and necessary medical expenses…". Complaint at ¶21. That she "has sustained, and will continue in the future to sustain, an impairment of the ability to enjoy life…". Complaint at ¶22. The Plaintiff also seeks punitive damages. Complaint *ad damnum* at ¶(g)

The Plaintiff has not restricted or limited her recovery to an amount less than $75.000 in the *ad damnum* clause or otherwise pursuant to a pre-removal binding stipulation limiting damages per McCoy v. Erie Insurance Company, 147 F. Supp. 2nd 481 (S.D. W. Va. 2001).

---

[1] To the extent that counsel for the Plaintiff may dispute theses representations, counsel for Johnson can provide the Court copies of these communications. Copies were not attached as exhibits to this notice, as these documents contain private health information about Plaintiff.

An evaluation of Plaintiff's allegations, representations, and alleged damages, proves by a preponderance of the evidence that the amount in controversy requirement has been met. As such, this Court has original jurisdiction, and this matter is properly removed to federal court.

## V. CONSENT OF ALL DEFENDANTS TO REMOVAL

Defendant Family Tree Service, LLC, has not been served, nor has it made an appearance in the case at this time.

**BRUCE JOHNSON**

**By: Spilman Thomas & Battle, PLLC**

/s/ Glen A. Murphy
Glen A. Murphy (WV State Bar #5587)
300 Kanawha Boulevard, East (Zip 25301)
P.O. Box 273
Charleston, WV 25321-0273
304-340-3800
304-340-3801 Facsimile
gmurphy@spilmanlaw.com